JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Laura Jane Cantale, appeals the decision of the trial court, which denied her motion for partial summary judgment and granted summary judgment in favor of the appellees, Nationwide Mutual Fire and Casualty Insurance Company and Nationwide Mutual Insurance Company (hereinafter collectively referred to as "Nationwide"), concerning various Scott-Pontzer uninsured/underinsured ("UM/UIM") insurance coverage issues.
 {¶ 2} In light of the Ohio Supreme Court's recent decision inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, which limited the holding of Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, 710 N.E.2d 1116 and overruled the holding inEzawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557, 715 N.E.2d 1142, we find that the instant appeal is without merit and affirm the trial court's grant of summary judgment in favor of the appellees.
 {¶ 3} On March 25, 1993, Laura Cantale was involved in a motor vehicle accident caused by the negligence of Tina Goodrich, an uninsured motorist. Cantale's husband, Russell Statler, was not involved in the motor vehicle accident, but claimed to have suffered a loss of consortium as a result of his wife's injuries. He is now deceased. Through Cantale's personal insurance policy issued by Grange Mutual Insurance, she collected the UM/UIM coverage limits of $100,000. At the time of the accident, both Cantale and her husband were employed by the Bedford City School District ("Bedford"). Bedford was insured by Nationwide under a business auto policy that provided UM/UIM coverage in the amount of $1,000,000. Nationwide also provided additional umbrella coverage to Bedford in the amount of $2,000,000. It is undisputed that at the time of the accident, Cantale was not acting within the course and scope of her employment with Bedford.
 {¶ 4} On October 4, 2001, Cantale filed suit against Nationwide seeking UM/UIM coverage under her employer's policies of insurance pursuant to the authority of Scott-Pontzer. Cantale filed a motion for partial summary judgment concerning insurance coverage, and Nationwide filed a motion for summary judgment. On April 9, 2003, the trial court denied Cantale's motion for partial summary judgment and granted Nationwide's motion for summary judgment. The trial court held that Nationwide's UM/UIM endorsement provides an unambiguous exclusion that makes this policy distinguishable from the policy in Scott-Pontzer and found Cantale and her deceased husband were not insured's under the policy.
 {¶ 5} The appellant files this timely appeal and presents three assignments of error for review.
 {¶ 6} "I. The trial court erred in granting Nationwide's motion for summary judgment and denying plaintiff's motion for partial summary judgment on the ground that plaintiff and her deceased husband, both employees of the named insured, were not insureds under the business auto policy's UM/UIM coverage.
 {¶ 7} "II. The trial court erred in determining the plaintiff and her deceased husband's status as insureds based on the definition in the general liability provision. However, even if that definition were applicable, plaintiff and her deceased husband were insureds under that definition as well.
 {¶ 8} "III. Because the trial court improperly found coverage does not exist for plaintiff and her deceased husband under the business auto policy, the trial court likewise erred in finding coverage does not exist for plaintiff and her deceased husband under the commercial umbrella liability policy."
 {¶ 9} The appellant's original arguments and assignments of error relating to UM/UIM coverage of certain vehicles not listed in the insurance policy and the definition of an insured as "you in a covered auto," are now secondary to the Ohio Supreme Court's ruling in Galatis.
 {¶ 10} In Galatis, the Ohio Supreme Court held, "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of the employment. Additionally, where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at ¶ 62.
 {¶ 11} To be an insured under the limitation of Galatis, absent specific language to the contrary, the appellant must have been acting within the course and scope of her employment with the Bedford City School District at the time of the accident. Because it was undisputed that the appellant was not acting within the course and scope of her employment at the time of the accident, we must find the appellant is not an insured under either policy issued by Nationwide.
 {¶ 12} Additionally, it is undisputed that the appellant's now deceased husband was not acting within the course and scope of his employment with the Bedford City School District at the time of the accident; therefore, he also was not an insured under either of Nationwide's policies of insurance.
 {¶ 13} Given the Ohio Supreme Court's new ruling in Galatis, the instant appeal is without merit because neither the appellant nor her husband qualifies as an insured under the Nationwide policies. We therefore affirm the trial court's grant of summary judgment in favor of the appellees, albeit for different reasons.
 {¶ 14} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia A. Blackmon, P.J., and Anthony O. Calabrese, Jr., J., concur.